UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                                  Case No. 8:07-cv-984-T-23MAP

GENE STRICKLAND, et al.,

    Defendants.
_____/

## O R D E R

Bright's complaint alleges that the defendants violated his civil rights when he was arrested by officers of the Tampa Police Department. Pending is the defendants' motion for summary judgment (Doc. 53). Pursuant to Griffth v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), Bright was warned (Doc. 58) about the finality of summary judgment and directed to review the requirements of Rule 56, Federal Rules of Civil Procedure, to determine how he should oppose the motion. Bright has not opposed the motion.

On December 4, 2003, defendant police officers Strickland and Goodman responded to a reported domestic dispute. Upon their arrival, the victim indicated that everything was alright since the assailant, Leon Bright, had left the premises. The couple's young son revealed that Bright had choked the victim. Despite confirming that a battery occurred, the victim said she was not interested in having Bright arrested. Nevertheless, the two officers drove to Bright's apartment. Officer Goodman

approached the front door while Officer Strickland waited at the back door.  When he announced their presence, Officer Goodman heard the lock engage on the front door.  Officer Strickland subdued Bright when he fled from the back door.  Additional facts will be addressed during the discussion of Bright's claims.

## SUMMARY JUDGMENT

Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  See In re Optical Technologies, Inc., 246 F.3d 1332, 1334 (11th Cir. 2001).  The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  Johns v. Jarrard, 927 F.2d 551, 555 (11th Cir. 1991).  The court must view the documents in the light most favorable to the non-moving party and the documents must show that the non-moving party is not entitled to relief under any set of facts alleged in the complaint.  See generally, Allen v. Tyson Foods, Inc., 121 F.3d 642 (11th Cir. 1997); Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590 (11th Cir. 1995).  Even though an allegation in a pro se complaint is held to less stringent standards than a formal pleading drafted by a lawyer, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998), the plaintiff's allegation must have factual support.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir.)

reh'g and suggestion for reh'g en banc denied, 182 F.3d 938 (11th Cir.), cert. dismissed, 528 U.S. 948 (1999).

Once the movant presents evidence which, if not controverted, would entitle the movant to a directed verdict at trial, the burden shifts to the non-moving party to assert specific facts demonstrating the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Pennington v. City of Huntsville, 261 F.3d 1262 (11th Cir. 2001). If the factual context of one party's claim is implausible, that party must come forward with more persuasive evidence than necessary to show that a genuine issue for trial exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Wood v. City of Lakeland, 203 F.3d 1288 (11th Cir. 2000). See also Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) ("A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'"). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

## IMPROPERLY NAMED DEFENDANTS

In addition to officers Strickland and Goodman, Bright names as defendants the chief of police, the Tampa Police Department, and the City of Tampa. The Tampa Police Department is not a legal entity separate from the City of Tampa. Instead, it is a division within the municipal government. As a consequence, Bright cannot pursue a claim against the police department as a defendant.

> "Police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted) (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama). Under Florida law, police departments are not legal entities amenable to suit. Masson v. Miami-Dade County, 738 So.2d 431, 432 (Fla. App.3d 1999) (noting that the MDPD lacks the capacity to be sued under the Miami-Dade County Code § 2-91); Fla. City Police Dep't v. Corcoran, 661 So.2d 409, 410 (Fla. App.3d 1995). Because the MDPD does not have the capacity to be sued under Florida law, the district court did not err in dismissing it as a party.

Williams v. Miami-Dade Police Dep't, 297 Fed.Appx. 941, 945 (11th Cir. 2008).

Bright cannot pursue a claim against the chief of police simply because the chief of police is the supervisor of Strickland and Goodman. Bright cannot base a Section 1983 claim on respondeat superior. Monell v. N.Y.C. Dept. of Social Services, 436 U.S. 691, 694 (1978); Buckner v. Toro, 116 F.3d 450 (11th Cir. 1997). Consequently, the complaint is insufficient to state a claim against the chief of police as a supervisor.

## MUNICIPAL LIABILITY CLAIM

Bright alleges in a conclusory fashion that the City of Tampa is responsible for the actions of Strickland and Goodman based on "a failure to train," "custom or policy," and "inadequate hiring or retention practices." Bright fails to identify what training was inadequate, how that specific training effected the underlying claimed civil rights deprivation, and how the city is responsible for providing that training. City of Canton, Ohio v. Harris, 489 U.S. 378, 388-91 (1989). Bright offers no facts to support such claims.

FOURTH AMENDMENT CLAIMS

Bright alleges that officers Strickland and Goodman fabricated evidence and that his arrest was unlawful because the officers lacked probable cause. Bright disputes the information provided to the officers during their initial investigation at the scene of the disturbance. Because Bright was not present at the scene, he lacks personal knowledge of what the witnesses told the officers. The record shows that the officers knew that the minor child had said that Bright choked the victim, the victim confirmed the battery, the victim had called the 911 emergency center for help, and Bright had battered the victim on earlier occasions. Probable cause existed that Bright had battered the victim and, as a consequence, Bright cannot pursue a civil rights claim against the officers. See United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir.1992) ("Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."), and Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) ("An arrest made with probable cause is an absolute bar to a § 1983 false arrest claim.").

Bright alleges that the officers used excessive force during the arrest. The law regarding the use of excessive force is well developed.

> The Supreme Court has instructed that "*all* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). It is well established that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some

> degree of physical coercion or threat thereof to effect it." Id. at 396, 109 S.Ct. 1865. To determine whether the force used is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake . . . . Because "the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396, 109 S.Ct. 1865.

Jackson v. Sauls, 206 F.3d 1156, 1169 - 1170 (11th Cir. 2000) (emphasis original) (citations omitted). Although the standard for determining whether the use of force was constitutionally permissible is objective reasonableness, the material evidence in dispute must be viewed in plaintiff's favor.

The officers support their motion for summary judgment with affidavits in which they describe the minimal amount of force required to subdue Bright and secure him inside the patrol car. As stated earlier, because Bright failed to respond to the motion for summary judgment, the officers' representations are not refuted. The officers' argument that minimal force was employed is supported by the fact that Bright sustained no injury that required medical attention. In the context of an Eighth Amendment claim, "[t]he absence of serious injury is . . . relevant" in determining whether excessive force was applied. Hudson v. McMillian, 503 U.S. 1, 7 (1992). Similarly, de minimus force will support a Fourth Amendment claim only if the arrest is unlawful. Zivojinovich v. Barner, 525 F.3d 1059, 1072 (11th Cir. 2008). As shown above, Bright's arrest was lawful.

Accordingly, the federal claims lack merit, and the defendants' motion for summary judgment as to the federal claims, Counts One, Two, Three, Four, and Five, (Doc. 53) is **GRANTED**.

STATE LAW CLAIMS

Because summary judgment is granted as to each of Bright's federal claims, supplemental jurisdiction as to Bright's several state law claims, Counts Six, Seven, Eight, and Nine, is declined. 28 U.S.C. § 1367(c); Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006).

The clerk shall **ENTER A JUDGMENT** (1) finding in favor of the defendants and against the plaintiff as to Counts One, Two, Three, Four, and Five, (2) **DISMISSING WITHOUT PREJUDICE** Counts Six, Seven, Eight, and Nine, and (3) **CLOSING** the case.

ORDERED in Tampa, Florida, on September 1, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE